Curran, Dennis J., J.
This case concerns an inter-family, corporate dispute between James Borenstein and his uncle, Donald Borenstein. The dispute resulted in James filing suit against his uncle, Donald Sr., and his cousin, Donald Borenstein, Jr., alleging, inter alia, breaches of fiduciary duties.
In the motion before the Court, James claims that Donald Sr. has been dipping into the corporate coffers to fund his legal defense to these claims. James now seeks an order from the court enjoining Donald Sr. from using corporate funds to pay for these legal expenses.
For the following reasons, James Borenstein’s motion to enjoin Donald Borenstein from spending corporate funds for personal legal expenses is DENIED.
FACTUAL BACKGROUND
Donald and Norman Borenstein were co-owners and shareholders in the Capitol Leasing Companies. Each received annual compensation from some of the companies and an equal annual profit distribution from CTL, Inc., one of the companies. Before 2006, Donald and Norman deadlocked as directors and shareholders of the companies, particularly as to annual compensation.
In 2009, Norman died and his son, James, was named Administrator of his estate. Following his appointment as Administrator, James began discussions with Donald Sr. concerning his purchase of Donald Sr.’s interest in the companies. The discussions were unsuccessful, and the shareholders again became deadlocked. The animosity that grew out of the situation resulted in James’s filing suit against his uncle, Donald Sr., and his cousin, Donald Borenstein Jr.
During this lawsuit, Donald Sr. has used corporate funds to pay for defense and prosecution claims. James has moved to enjoin Donald Sr. from using corporate funds to pay for his legal defense. He also seeks a court order that would require Donald Sr. to reimburse the companies for the amounts he has already received.
DISCUSSION
In order to succeed on his request for an injunction, James must show that he has a likelihood of success on the merits, that he will suffer irreparable harm without the injunction, and that the harm he would suffer outweighs any harm an injunction would cause Donald Sr. See Oxford Global Res., Inc. v. Consola, 2002 Mass.Super. LEXIS 559 at *11 (Mass.Super.Ct. 2002) [16 Mass. L. Rptr. 415], citing GTE Prods. Corp. v. Stewart, 414 Mass. 721, 722-23 (1993).
Here, James has not argued that he will suffer irreparable harm. The only harm discernable from the papers is a potential monetary loss. However, the loss of money alone is not an irreparable harm. See Steel-craft, Inc. v. Mobi Med., LLC, 2008 Mass.Super. LEXIS 373 at *8 (Mass.Super.Ct. 2008), citing Caffyn v. Caffyn, 70 Mass.App.Ct. 37, 42 (2007). A monetary loss may rise to the level of an irreparable harm when it can be shown that it threatens the moving party’s business. See Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 399 Mass. 640, 643 (1987). Here, James has been unable to show that any funds which Donald Sr. is using for his defense are putting the companies at risk. Furthermore, Donald Sr. has filed an affidavit in which he has agreed to reimburse all funds provided by the companies for his legal defense if he should not be wholly successful in this lawsuit. Therefore, because James has failed to show that he will suffer irreparable harm without the injunction, his motion must be denied. See Steelcraft, Inc., 2008 Mass.Super. LEXIS 373 at *8-9.
ORDER
For these reasons, James Borenstein’s motion to enjoin Donald Borenstein from spending corporate funds for personal legal expenses is DENIED.